IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

SEP 0 4 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

GEORGE A. WINKELMAN,

    Petitioner,

v.                                     Civil Action No. 1:14cv147
                                     (Judge Keeley)

L.J. ODDO, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 2, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On September 5, 2014, he paid the $5.00 filing fee, and on September 15, 2014, he filed his petition on the court-approved form. Petitioner is a federal inmate who was housed at FCI Hazelton and is challenging the validity of his sentence arising out of criminal proceedings in the United States District Court for the Middle District of Pennsylvania. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

On September 25, 2001, a grand jury sitting in Williamsport, Pennsylvania, returned an indictment against the defendant and eight others, charging them with various cocaine distribution and drug conspiracy charges. First and second superseding indictments were returned by the grand jury, on October 9, 2001, and March 12, 2002 respectively. By October of 2002, all defendants except Petitioner and one other had entered guilty pleas pursuant to negotiated plea agreements.

---

[1] The facts are taken from Petitioner's criminal case available on PACER. 4:01-cr-00304-YK Middle District of Pennsylvania.

On April 10, 2003, the grand jury returned a third superseding indictment, re-charging the Petitioner and the other remaining defendant in Count One with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, but added as an allegation regarding the object of the conspiracy that the defendants, being over the age of 18, conspired to distribute cocaine to individuals under the age of 21 in violation of 21 U.S.C. § 859. Counts Two through Nine re-charged Petitioner with a series of substantive distribution, attempted distribution, and possession with intent to distribute cocaine counts under 21 U.S.C. § 841(a)(1). Counts Ten through Twelve alleged three violations of 18 U.S.C. § 924(c)(1) – carrying or using a firearm during and in relation to a drug trafficking crime.

Petitioner and the remaining defendant were tried together in a jury trial which began on June 3, 2003. On June 16, 2003, that United States filed a motion to strike the description of the specific firearm allegedly possessed by Petitioner as charged in Count Twelve as surplusage. The District Court granted the motion orally. On June 18, 2003, the jury returned verdicts finding Petitioner guilty of Count One – the conspiracy count– and finding that he had conspired to distribute five kilograms or more of cocaine and distribution cocaine to persons under twenty-one years of age. The jury also found Petitioner guilty of the distributions charged in Counts Five and Eight and, as well, found him guilty of possessing 500 grams or more of cocaine with the intent to distribute as alleged in Count Nine. Finally, the jury found Petitioner guilty of Counts Ten and Twelve, but not guilty of Count Eleven, all section § 924(c)(1) firearm charges.

A presentence report was prepared for Petitioner, and he made written objections to the presentence report. On November 12, 2003, the District Court imposed sentence on Petitioner. The court overruled his objections to the presentence report, and sentenced him to an aggregate term of 720 months imprisonment, consisting of 360 months on Counts One and Nine and 240 months on

Count Five, all to be served concurrently, 60 months on Count Ten, to be served consecutively, and 300 months on Count Twelve, to be served consecutively.

Thereafter, petitioner filed his notice of appeal on November 20, 2003. On May 18, 2006, the Third Circuit Court of Appeals affirmed his conviction. However, the Circuit Court vacated and remanded his case to the district court for resentencing under United States v. Booker, 463 US. 220 (2005) and United States v. Cooper, 437 F.3d 324 (3rd Cir. 2006).`

On October 17, 2006, the District Court resentenced Petitioner. Specifically, he was sentenced to 120 months on Count One to run concurrently with Counts Five and Nine. He received a sentence of 120 months on Count Five, to run concurrently with Counts One and Nine. He received a sentence of 60 months on Count Nine, to run concurrently with Counts One and Five. The sentences on Counts One, Five and Nine to run consecutively to the sentences he received on Counts Ten and Twelve. On Count Ten, he received a sentence of 60 months, to run consecutively to Counts One, Five, Nine and Twelve. On Count Twelve, he received a sentence of 300 months, to run consecutively to Counts One, Five, Nine and Ten. Accordingly, he received a total term of imprisonment of 420 months. The District Court also issued a Criminal Order of Forfeiture. Finally, petitioner was given a $500 special assessment.

On October 26, 2006, Petitioner again filed a Notice of Appeal. On January 18, 2007, Petitioner moved to dismiss this appeal pursuant to Federal Rules of Appellate Practice 42(b). On January 19, 2007, the motion was granted, and the Third Circuit Court of Appeals dismissed the appeal and it was terminated without judicial action pursuant to F.R.A.P. 42.

On February 23, 2007, Petitioner filed a Motion to Vacate under 28 U.S.C. 2255 along with a supporting brief. In it, he raised thirteen grounds of ineffective assistance of counsel, as well as

several grounds alleging prosecutorial misconduct, trial court errors and deficiencies in Counts Ten and Twelve of the third superseding indictment. On March 10, 2008, the District Court denied Petitioner's Motion to Vacate. On June 12, 2008, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability finding that "[j]urists of reason could not debate that the District Court properly dismissed appellant's 28 U.S.C. § 2255 motion." ECF No. 1093. Thereafter, Petitioner filed multiple motions with the District Court related to his conviction and sentence, including at least three additional 2255 motions which were denied as second or successive.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

4

## IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit

5

concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

In analyzing Petitioner's challenge to his sentence in the context of the savings clause as set forth in Jones, the undersigned has relied on the recent Fourth Circuit decision in United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2005).

In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v.

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

On appeal, the Fourth Circuit affirmed the district court and emphasized that "Jones opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Id.*4 As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *6 (internal citations omitted).

The decision in Surratt, is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to

7

instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[3]

Here, Petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Alleyne v. United States, 133 S. Ct. 2276 (2013), Petitioner argues that his sentence was unconstitutionally enhanced. However, Petitioner's claim for relief under § 2241 is foreclosed by Surratt. Moreover, Petitioner's reliance on Alleyne is misplaced.

In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum

---

[3] In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. As previously noted, in Alleyne, following trial, the court determined that the defendant brandished the firearm in question, and thus imposed the mandatory minimum sentence of seven years as required by 18 U.S.C. § 924(c)(1)(A)(ii). In the instant case, Petitioner was charged in the indictment with three counts of violating of 18 U.S.C. § 924 (c)(1) – carrying or using a firearm during and in relation to a drug trafficking crime. The jury convicted Petitioner of two counts. Therefore, pursuant to 18 U.S.C. § 924(c)(1)(C), Petitioner was subject to a mandatory minimum of twenty-five years incarceration. The district court sentenced him to 300 months, the equivalent of twenty-five years, the mandatory minimum. The core crime and the facts triggering the mandatory minimum were submitted to the jury and were not determined by the sentencing judge.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**. In addition, the undersigned recommends that Petitioner's Motion to Expand the Record [ECF No. 12] and Motion for the Court to Expedite Its Decision [ECF No. 13] be **DENIED AS MOOT**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 4, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE