```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GEORGE A. WINKELMAN,**

      **Petitioner,**

**v.**                  //     **CIVIL ACTION NO. 1:14CV147**
                                          (Judge Keeley)

**L.J. ODDO, Warden,**

      **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE

On September 2, 2014, the pro se petitioner, George A. Winkelman ("Winkelman"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Winkelman, who is currently incarcerated at Federal Correctional Institution Edgefield, challenges the validity of his conviction in the United States District Court for the Middle District of Pennsylvania.[1]

On September 4, 2015, United States Magistrate Judge John S. Kaull filed a Report and Recommendation ("R&R"), in which he recommended that the Court deny the petition with prejudice (Dkt. No. 15). On September 22, 2015, Winkelman filed objections to the R&R (Dkt. No. 17). For the reasons that follow, the Court **ADOPTS** the R&R and **DENIES** the petition **WITH PREJUDICE**.

---

[1] At the time he filed his petition, Winkelman was an inmate at Federal Correctional Institution Hazelton (Dkt. No. 1).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**BACKGROUND[2]**

On September 25, 2001, a federal grand jury in the Middle District of Pennsylvania indicted Winkelman and eight others, including his brother, on various cocaine distribution and drug conspiracy charges (Dkt. No. 15 at 1). On October 9, 2001, and March 12, 2002, the grand jury returned first and second superseding indictments. Id. By October, 2002, all defendants except Winkelman and his brother had pleaded guilty. Id. On April 10, 2003, the grand jury returned a third superseding indictment, charging Winkelman with conspiracy to distribute cocaine, distribution, attempted distribution, possession with intent to distribute cocaine, and carrying or using a firearm during a drug trafficking crime. Id. at 2.

Winkelman was tried before a jury in a trial that began on June 3, 2003. Id. On June 18, 2003, the jury returned a verdict of guilty as to all counts except Count Eleven, which was one of three firearms charges. Id. On November 12, 2003, the district court sentenced Winkelman to an aggregate term of 720 months of

---

[2] As in the R&R, this background information comes from Winkelman's criminal case in the Middle District of Pennsylvania, 4:01CR304.

imprisonment.[3]  Id.  After Winkelman appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit, that court affirmed his conviction, but vacated and remanded his case to the district court for resentencing after finding that the district judge had erred by engaging in judicial fact-finding "regarding the quantity of drugs for which [Winkelman] was responsible, his leadership role in the offense and his obstruction of justice."  Id. at 3; Dkt. No. 1-1 at 10; United States v. Winkelman, 190 F. App'x. 397 (3d Cir. 2006).

On remand, the district court resentenced Winkelman to an aggregate term of 420 months of imprisonment (Dkt. No. 15 at 3).[4] After Winkelman again appealed his conviction, he then moved to dismiss his appeal pursuant to Fed. R. App. P. 42(b) on January 18, 2007.  Id.  The Third Circuit granted his motion to dismiss and terminated the appeal on January 19, 2007.  Id.

---

[3] The Court sentenced Winkelman to 360 months of imprisonment on Counts One and Nine; 240 months on Count Five, to be served concurrently with Counts One and Nine; 60 months on Count Ten, to be served consecutively; and, 300 months on Count Twelve, to be served consecutively (Dkt. No. 15 at 2-3).

[4] The Court sentenced Winkelman to 120 months on Counts One and Five, to run concurrently; 60 months on Count Nine, to run concurrently with Counts One and Five; 60 months on Count Ten, to run consecutively; and, 300 months on Count Twelve, to run consecutively.  Id. at 3.

3

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

On February 23, 2007, Winkelman filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, prosecutorial misconduct, trial court error, and deficiencies in Counts Ten and Twelve of the third superseding indictment. Id. at 3-4. On March 10, 2008, the district court denied the motion to vacate, and the Third Circuit declined to issue a certificate of appealability. Id. at 4. Winkelman has since filed at least three additional § 2255 motions. Id. On October 4, 2013, he filed a motion to recall the mandate of his direct appeal, which the Third Circuit denied on March 26, 2014 (Dkt. No. 1 at 6-7).

Winkelman filed his § 2241 petition in this Court on September 2, 2014, arguing that the district court in the Middle District of Pennsylvania had illegally enhanced his sentence in violation of Alleyne v. United States, 133 S.Ct. 2151 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000)(Dkt. No. 1). According to Winkelman, the district court improperly increased the mandatory minimum sentence applicable to Count Twelve from five years to twenty-five years without submitting that determination to the jury. Id. at 2.

Specifically, the verdict form returned by the jury listed the statute of conviction for Count Twelve as 18 U.S.C. § 942(c)(1),

4

which generally provides for a mandatory minimum of 5 years. The district judge, however, sentenced Winkelman pursuant to 18 U.S.C. § 924(c)(1)(C), which provides for a mandatory minimum of 25 years "[i]n the case of a second or subsequent conviction under this subsection." Id. at 5. Winkelman claims that, although he raised this issue on direct appeal, the Third Circuit "fail[ed] to correct the illegally enhanced sentence" when it remanded his case for resentencing. Id. at 3.

On April 28, 2015, Winkelman moved to expand the record (Dkt. No. 12), and on May 4, 2015, filed a motion to expedite (Dkt. No. 13). On September 4, 2015, Magistrate Judge Kaull issued an R&R recommending that the Court deny Winkelman's petition with prejudice and deny as moot his motions seeking to expedite and expand the record (Dkt. No. 15).[5] On September 22, 2015, Winkelman objected to the R&R (Dkt. No. 17).

---

[5] Winkelman's motion to expand the record argues that his convictions for drug distribution improperly overlap, and that his two firearms convictions impermissibly involve the same firearm (Dkt. No. 12). Insofar as these "facts" had no impact on the analysis, the magistrate judge recommended denying the motion as moot (Dkt. No. 15).

**WINKELMAN V. ODDO**                                                   **1:14CV147**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15]
AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**STANDARD OF REVIEW**

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews <u>de novo</u> only those portions of the R&R to which timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). Because Winkelman filed objections to the R&R, the Court will review the R&R <u>de novo</u>.

**ANALYSIS**

Winkelman argues that the district court erred when it sentenced him to a consecutive 300 month term of imprisonment on Count Twelve, because the necessary factual predicate to that enhancement–a prior conviction under § 924(c)(1)–was found by the judge, and not the jury.[6] <u>Id.</u> at 10. He contends that a § 2255 petition is inadequate to redress this harm because "he completely lacks any chance at success in filing an application with the Third

---

[6] Winkelman was convicted of Count Ten, which was also a § 924(c) firearms offense (Dkt. No. 1 at 5). He argues that his conviction on Count Ten cannot be a "prior" conviction within the meaning of § 924(c)(1)(C) because it must have occurred in a previous criminal matter, not the same case. <u>Id.</u> at 9.

6

Circuit [C]ourt of Appeals to request permission to file a second or successive § 2255 motion . . . ." Id. at 8.

A petitioner generally uses § 2241 to challenge the execution of his sentence, not the illegality of the sentence itself. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Instead, a petitioner may use § 2255 to challenge his conviction or the imposition of his sentence. Id.

A petitioner may only use § 2241 to challenge his sentence under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Pursuant to In re Jones, a petitioner in the Fourth Circuit must meet the following criteria to establish that § 2255 would afford an inadequate or ineffective remedy:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition

7

against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, No. 5:06CV159, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009) (Stamp, J.), aff'd, 332 Fed. Appx. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

As recently clarified in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), the § 2255 savings clause is inapplicable when a petitioner's prior convictions–which were used to enhance his sentence–no longer count as predicate offenses. In Surratt, the district court sentenced the defendant to a mandatory life sentence after the government identified four prior drug-related felony convictions. Id. at 245.

Following Surratt's sentencing, the Fourth Circuit in United States v. Simmons, 649 F.3d 327 (4th Cir. 2011) (en banc), changed the calculation of certain "felony drug offenses" under North Carolina law. Id. After Simmons, the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense." Id. at 245-46. In other words, Surratt would not have been subject to a mandatory life sentence had he been sentenced after the Fourth Circuit decided Simmons. Id. at 246.

Nevertheless, the Fourth Circuit rejected Surratt's argument that he was "actually innocent" of the enhanced sentence. It noted

that such a course would "ignore[] the clear limitation in Jones that, before the case can be used to invoke § 2255(e), the law must have changed 'such that the conduct of which the prisoner was convicted is deemed not to be criminal.'" Id. at 247-48 (quoting In re Jones, 226 F.3d at 334). The court reiterated that "recidivism is not an element of the triggering crime," and held that "Jones simply does not apply here, as Surratt is not innocent of anything." Id. at 248.

In the instant case, Winkelman also fails to meet the requirements of Jones because his offense of conviction, carrying or using a firearm during and in relation to a drug trafficking offense, remains a crime. 18 U.S.C. § 924(c)(1). Additionally, § 2255 would not be an inadequate or ineffective remedy merely because Winkelman is barred from filing a second or successive § 2255 motion. Phillips, 2009 WL 779040.

Even were his offense of conviction no longer a crime, Winkelman's reliance on Alleyne for the principle that he was improperly sentenced to a mandatory minimum sentence of 25 years is misplaced. In Alleyne, the petitioner was convicted by a jury of using or carrying a firearm during a crime of violence, a crime that carried a mandatory minimum sentence of five years. 133 S.Ct. at 2156. The jury never found that he had "brandished" the

firearm, a finding that would have increased his mandatory minimum sentence to seven years. Id. At sentencing, however, the court, by a preponderance of the evidence, found that he had brandished the firearm and, consequently, sentenced him to seven years, a decision affirmed on appeal.[7] Id.

In Alleyne, the Supreme Court reaffirmed the principle that "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." Id. at 2158. Accordingly, it held that facts increasing "the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." Id. The Supreme Court stressed, however, that its ruling in Alleyne "does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." Id. at 2163. Importantly, the Court declined to overrule the "narrow exception" that the fact of a prior conviction need not be submitted to the jury. Id. at 2160, n. 1 (citing

---

[7] This finding was in accordance with the law at the time, as reflected in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406 (2002). The Supreme Court overruled Harris in Alleyne. 133 S.Ct. at 2163.

Almendarez-Torres v. United States, 523 U.S. 224 (1998)); see also Surratt, 797 F.3d at 249 ("We also do not believe that Alleyne altered the longstanding rule treating predicate convictions as enhancements, not elements").

The Fourth Circuit has not held that Alleyne is retroactively applicable to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable on collateral review); Billups v. Deboo, No. 2:14CV7, 2014 WL 4102479 at *2 (N.D.W. Va. Aug. 13, 2014) (Bailey, J.) (same).

Moreover, even if Alleyne was intended to be applied retroactively, Winkelman cannot meet the elements of the savings clause. The Fourth Circuit has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," Darden v. Stephens, 426 Fed. Appx. 173, 174 (4th Cir. 2011)(per curiam), and has declined to extend it to "petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008).

It is a longstanding legal principle that sentencing courts should generally address sentencing errors under § 2255. United States v. Frady, 456 U.S. 152, 182 n. 5 (1982) ("[Section] 2255 directs the prisoner back to the court that sentenced him"). Only

"in very limited circumstances" can a distant federal court entertain a challenge to another district court's actions. Poole, 531 F.3d at 267.

Here, it is undisputed that Winkelman was subject to a mandatory minimum penalty of five years. It is also undisputed that he was convicted of two § 924(c)(1) offenses at Counts Ten and Twelve. Winkelman's mandatory minimum sentence as to Count Twelve therefore was enhanced to 25 years due to his prior firearm conviction in Count Ten. Even if Alleyne were retroactively applicable, this type of judicial "factfinding," as Winkelman describes it, is permissible, as predicate convictions are treated as enhancements and not as elements of the offense. See Alleyne, 133 S.Ct. at 2160, n. 1 (citing Almendarez-Torres, 523 U.S. at 224); Surratt, 797 F.3d at 249. Furthermore, the Court lacks jurisdiction to review Winkelman's claims under the § 2255(e) savings clause because he "is not innocent of anything." Surratt, 797 F.3d at 248.[8]

---

[8] The cases cited in Winkelman's objections do not compel a contrary holding. See, e.g., United States v. Casiano, 113 F.3d 420, 426 (3d Cir. 1997) ("It is unquestionable that crimes occurring as part of the same underlying occurrence may constitute separate predicate offenses if properly charged as separate crimes").

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 15] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

In conclusion, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 15), **OVERRULES** Winkelman's objections (Dkt. No. 17), **DENIES AS MOOT** the motion to expand the record and motion to expedite (Dkt. Nos. 12, 13), and **DENIES WITH PREJUDICE** Winkelman's petition (Dkt. No. 1). It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, return receipt requested, and to enter a separate judgment order.

DATED: November 3, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE